Bradford, Justice:
—I concur with the Court, upon the authority of Hurst v. Kirkbride. I have never, it is true, been fully satisfied with that case; It goes one step beyond that of Harvey v. Harvey; and much farther than any other in the, English books. Yet, as it has often been recognized in this Court, I feel myself bound by its authority.*

 On the trial of the cause above reported, the plaintiff’s counsel offered as a witness. John Field, the nominal plaintiff, the suit being stated, and proved to be, for the benefit of Oxley & Hancock. They urged, that he was a mere trustee, without any interest whatever in the event of the cause. In M'Clenachan v. Scott, lately determined in the Common Pleas, it appeared, that after the suit was brought, the plaintiff had become a bankrupt, but the assignees carried on the cause; and the plaintiff was admitted as a witness, reserving the point as to his competency; which was afterwards on full argument determined in the affirmative. A distinction was taken between a voluntary assignment of a chose the action, and one by operation of law. So in M'Comb v. Cox, 1 Dall. Rep. the plaintiff was held to have no power ever the suit, and therefore he could not be liable to costs.
Lewis in reply, insisted, that M'Clenachan & Scot went entirely on, the compulsive assignment, and did not apply at all to voluntary assignees. The case in Gibb. 120. is not supported by the cases cited, in that in Mod. there referred to, the executor was not a party. In 3 P. Wms. 181, the opposite doctrine is laid down. In this case, the Court would not have compelled the plaintiffs to tend their names; they might have assigned. Here the plaintiffs are certainly liable to costs; and in Halden v. Fisher, executor, the defendant was refused, tho' he had no interest in the event, and offered to pay all the costs into Court.
*173 Ingersoll.—Two principles were determined in M.Clenachan v. Scott, 1. That a nominal plaintiff is not for that reason alone to be rejected. 2. That a plaintiff is not in all cases liable to pay costs. 1 Barnes n. 104. A Prochien Ami is compellable to pay costs; but if the plaintiff is not admissible, neither can a mere trustee be received.
The Court inclined to reject the witness, but Justice Shippen, doubting, they agreed to admit him if the plaintiffs insisted, reserving the point. He was admitted, accordingly, but tire verdict being for the defendant, no motion was made.
_ See 1 P. Wins. 290. 2 Atk, 229, 3 At it. 954 604. 2 Vez. 219.